UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIMBERLY NATION,

    Plaintiff,

v.

ATLAS TECHNOLOGIES, LLC,
PRODUCTIVITY TECHNOLOGIES
CORPORATION, and
JESSE LEVINE,

    Defendants.

Case No. 2:18-cv-14021-LJM-APP
Honorable Laurie J. Michelson

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO REMAND [5] AND ORDERING DEFENDANTS TO FURTHER EVIDENCE JURISDICTION

Kimberly Nation claims that after she blew the whistle on Atlas Technologies' conduct, Atlas retaliated by firing her. The present issue is where the merits of that claim should be litigated. Nation wants to litigate in state court (she filed the case there); Defendants want to litigate in federal court (they removed it here). Defendants' basis for litigating in this Court is that none of them are citizens of Nation's state of citizenship and that the amount in controversy is more than $75,000. *See* 28 U.S.C. § 1332. Nation claims that, as a factual matter, there is not complete diversity and asks this Court to remand the matter to state court. *See Glob. Tech., Inc. v. Yubei (XinXiang) Power Steering Sys. Co.*, 807 F.3d 806, 810 (6th Cir. 2015) (distinguishing between facial and factual attacks to subject-matter jurisdiction).

The parties' dispute over complete diversity can be winnowed down quite a bit. No one disputes that Nation is a citizen of Michigan. And no one disputes that Jesse Levine, who is the Chairman of Productivity and the CEO of Atlas (and, apparently, Nation's former supervisor), is a citizen of Illinois. So Nation and Levine are diverse. That leaves the two other defendants, Atlas

and Productivity. Atlas is a limited liability company and all agree that it is a citizen wherever its members are citizens. *See Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009). And no one disputes that Atlas has but one member: Productivity. As a corporation, Productivity is a citizen of its state of incorporation and a citizen of the state where it has its principal place of business. All agree that Productivity is incorporated in Delaware. So, with all of that, the sole dispute is where Productivity has its "principal place of business" as that phrase is used in § 1332. If the answer is Michigan, then Productivity and Atlas are citizens of the same state as Nation and this Court lacks jurisdiction under § 1332. But if Productivity's principal place of business is located in a state other than Michigan, this Court may exercise jurisdiction.

So where is Productivity's principal place of business?

*Hertz Corp. v. Friend*, 559 U.S. 77 (2010), helps answer the question. There, the Supreme Court declined to adopt a "general business activities" test for deciding a corporation's principal place of business. The Court explained, "[a] corporation may have several plants, many sales locations, and employees located in many different places. If so, it will not be as easy to determine which of these different business locales is the 'principal' or most important 'place.'" *Id.* at 95. The Supreme Court instead opted for a "nerve center" test: "We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id.* at 92–93.

Given that there has been very limited (if any) discovery on the issue, the Court finds that Defendants have—for now—carried their burden of showing that Productivity's "nerve center" is someplace in Illinois. Levine, Productivity's Chairman, has averred that while Atlas has a manufacturing plant in Fenton, Michigan, "no in person meeting of . . . the Board of Directors of [Productivity] has ever been held there since at least 2011." (ECF No. 7, PageID.266.) In fact,

Defendants say that Productivity "does not have a physical plant or location." (ECF No. 1, PageID.3; *see also* ECF No. 7, PageID.264 ("Since at least 2011 [Productivity] has never had a physical corporate office.").) And Levine avers that since June 2018 (which was before this suit was filed), he has "exercised *exclusive* control over [Productivity], subject to review of [Productivity's] Board of Directors." (ECF No. 7, PageID.268 (emphasis added).) Again, Levine is a citizen of Illinois. And, according to Levine, none of the other members of the Board live in Michigan: "at all times since 2011 [Productivity] . . . ha[s] been under the sole direction and control of managers and directors who were always and are today residents of states other than Michigan." (ECF No. 7, PageID.268.) Thus, it appears that Levine "direct[s], control[s], and coordinate[s]" Productivity's activities from his home (or an office) in Illinois and then members of the Board review his decisions from their homes (or offices) in the District of Columbia, Massachusetts, Illinois, and Wisconsin. (*See* ECF No. 7, PageID.254 (arguing that "since [Levine] is a citizen of Illinois, [Productivity's] nerve center and principal place of business is located in Illinois.").)

Nation points to a number of facts that, in her view, show that Productivity's principal place of business is Michigan. She points out that Productivity has a registered agent for service in Michigan. (ECF No. 5, PageID.130.) She also notes that Productivity's "profile" page on BusinessInsider.com says "headquartered in Fenton, MI." (ECF No. 5, PageID.208.) Similarly, Bloomberg.com's page on Productivity includes a 3100 Copper Avenue, Fenton, Michigan address. (ECF No. 5, PageID.210.) Nation also has provided the Court with Productivity's application for more time to file tax returns with South Carolina (or that state's acknowledgment of an application); the application includes the same Fenton, Michigan address. (ECF No. 9, PageID.468.) Nation also points to prior litigation between Productivity and Levine; she says that

3

in the complaint in one of the several cases, Productivity said its principal place of business was Fenton, Michigan. (ECF No. 9, PageID.410.) And in that case, United States District Judge David Lawson also said Productivity's principal place of business was in Michigan. (Case No. 16-13088, ECF No. 1, PageID.2.) Finally, Nation says that in 2016, she was made Secretary of Productivity's Board of Directors and she, of course, is a citizen of Michigan. (ECF No. 7, PageID.409.)

None of this establishes that Productivity's present "nerve center"—the place where it's officers currently direct, control, and coordinate Productivity's activities—is someplace in Michigan. Where Productivity has a registered agent says little about where its key decisions are made. And the websites do not purport to identify Productivity's "principal place of business" as that phrase is used in § 1332. One website simply lists the Fenton, Michigan address. And while the other does say that Productivity is "headquartered" there, that, again, is not necessarily the nerve center. The application for a delayed tax filing is stronger for Nation. But it could be read as merely stating that Productivity's mailing address for tax purposes was in Fenton, Michigan, or that the mail is sorted in Fenton—not that it is controlled from there. (*See* ECF No. 9, PageID.468.)

As for Productivity's concession in the prior litigation and Judge Lawson's statement about the corporation's principal place of business, it does not appear that subject-matter jurisdiction was formally contested in that case. And while Productivity did say in its complaint that its principal place of business was in Michigan, at that time, Productivity's management was different than it was when Nation filed this case and Defendants removed it. *See Smith v. Hilliard*, 578 F. App'x 556, 561 (6th Cir. 2014) ("[T]here must be complete diversity of citizenship both at the time that the case is commenced and at the time that the notice of removal is filed."). In particular, prior to a June 2018 settlement agreement, Productivity's Board of Directors consisted of Sam Seidman, Art Stupay, and Levine, with Seidman serving as Chairman. (ECF No. 7, PageID.333.) Then,

4

under the June 2018 settlement agreement, Seidman and Stupay sold all their shares in Productivity to Levine and his father (or the entity that the Levines designated) and gave up their positions on the Board. (ECF No. 7, PageID.309–310, 326–327.) And Levine was made Chairman. (ECF No. 7, PageID. 326–327, 333.) Thus, in the prior litigation, Productivity's statement about its principal place of business, upon which Judge Lawson likely relied, was Seidman and Stupay's view of the matter. Indeed, in that case, Levine had a different take, denying in his answer that Productivity's principal place of business was in Michigan. (ECF No. 7, PageID.298–299.) And, again, according to Levine, he now has "exclusive control" over Productivity.

In short, the Court believes that Defendants have carried their pre-discovery burden of establishing subject-matter jurisdiction.

That said, discovery on this issue may well be warranted. It may well be that Productivity is a holding company. And it may well be the case that as a holding company, Productivity's activities involve little more than making decisions at board meetings. *See 3123 SMB LLC v. Horn*, 880 F.3d 461, 465 (9th Cir. 2018) ("[A holding company] engages in little activity, so there is little to direct, control, or coordinate. Its purpose—holding interest in other companies—is passive." (citation omitted)); *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 353 (3d Cir. 2013) ("Because it is a holding company, not an operating company, GSK Holdings has no sales or production, only one part-time employee, and little infrastructure. Instead, its activities consist primarily of owning its interest in GSK LLC, holding intra-company accounts, issuing and receiving dividends, and paying taxes."). And in deciding the principal place of business of a holding company, courts have focused on where the holding company decides how to manage its assets, which is usually where the board of directors meet. *See 3123 SMB LLC v. Horn*, 880 F.3d at 468, 470 (adopting rule that a holding company presumptively directs its business from the place

where it holds its board meetings); *Johnson*, 724 F.3d at 354 ("For a holding company such as GSK Holdings, relatively short, quarterly board meetings may well be all that is required to direct and control the company's limited work.").

But before requiring the parties to do a deep dive into jurisdictional discovery, the Court takes a shallower approach. *See* Charles Alan Wright, *et al.*, 5B Fed. Prac. & Proc. Civ. § 1350 (3d ed.) ("[The district court] may seek the presentation of affidavits or other evidence on the matter by the parties . . . if those that have been offered by the parties are inconclusive."). By May 17, 2019, Defendants are to inform the Court of the following:

(1) Productivity's primary operations and where these operations take place;

(2) Productivity's primary operating decisions;

(3) How Productivity's primary operating decisions are made;

(4) Where Productivity's primary operating decisions are made;

(5) Why the Fenton address is provided on tax documents.

Defendants must back their answers with evidence (e.g., affidavits, corporate documents), not merely allegations. Defendants' show-cause response should be docketed and may not exceed three pages plus any attached evidence.

For the reasons given, Nation's motion to remand is DENIED WITHOUT PREJUDICE. As for Nation's objection that Defendants improperly filed an amended response brief after her reply (ECF No. 11), the Court agrees with Nation that the filing was not technically proper. It would have been more proper for Defendants to have sought leave to file a sur-reply. But given that the Court intends to probe deeper into its subject-matter jurisdiction, Defendants' amended response does not significantly prejudice Nation. Defendants are to show cause by May 17, 2019.

SO ORDERED.

                                    s/Laurie J. Michelson
                                    LAURIE J. MICHELSON
                                    UNITED STATES DISTRICT JUDGE

Date: April 19, 2019

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing document was served upon counsel of record and/or pro se parties on this date, April 19, 2019, using the Electronic Court Filing system and/or first-class U.S. mail.

                                    s/William Barkholz
                                    Case Manager